Craig A. Brand, Esq.
Mystic Law P.A.
6411 S. Jamaica Circle
Englewood, Colorado 80111
Florida Bar No. 896111
*Pro Hac Vice* **Granted 12/9/2019**
**Case No. 2:19-PH-99912 (Doc. 67)**
Telephone: (305) 878-1477
E-mail: Craig@ganjalaw.com

Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM BRILL, an Individual; JON CORBISEZ, an Individual; and WILLIAM BRILL and JON CORBISEZ, on behalf of UNITED GLOBAL PARTNERS, LLC, an Arizona Limited Liability Company, | CASE NO.: **COMPLAINT (Declaratory Judgment and Supplemental Relief)** |
| Plaintiffs, | |
| v. | |
| NICHOLAS ANDREWS, an Individual; and DAVID PROM, an Individual; USA BIOENERGY LLC., an Arizona Limited Liability Company; and NICHOLAS ANDREWS, INC., an Arizona Corporation d/b/a NB ANDREWS AND ASSOCIATES, | |
| Defendants. | |

_____/
_____/

1

PLAINTIFFS, WILLIAM BRILL, Individually; JON CORBISEZ, Individually; and WILLIAM BRILL and JON CORBISEZ on behalf of UNITED GLOBAL PARTNERS, LLC, an Arizona Limited Liability Company ("UGP"), through their undersigned counsel, bring this Complaint for declaratory relief and supplemental relief and allege as follows:

## NATURE OF ACTION

1.     This is an action for relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 and for supplemental relief pursuant to 28 U.S.C. § 1367(a) and Fed. R. Civ. P. 23.1.

  a. Plaintiffs request declarations that: (A) Plaintiffs, WILLIAM BRILL ("Brill"), JON CORBISEZ ("Corbisez"), and Defendants, NICHOLAS ANDREWS ("Andrews") and DAVID PROM ("Prom"), each own a twenty-five percent (25%) membership interest in UNITED GLOBAL PARTNERS, LLC, an Arizona Limited Liability Company ("UGP"); (B) Demand made to Andrews and Prom, as owners of fifty percent (50%) of the membership interests of UGP, by Brill and Corbisez, as owners of fifty percent (50%) of the membership interests of UGP, to institute a civil action against Andrews and Prom for breach of fiduciary duty, and to institute suit against USA

2

BIOENERGY LLC., an Arizona Limited Liability Company ("Bioenergy") for fraudulent transfer of personal property of UGP and against NICHOLAS ANDREWS, INC., an Arizona Corporation d/b/a NB ANDREWS AND ASSOCIATES ("NB Andrews") for fraudulent transfer of personal property of UGP would be futile, as set forth in Arizona Revised Statutes ("A.R.S." ) section 29-3802 "Derivative Action", subsection 2.

b. Brill and Corbisez on behalf of UGP seek supplemental relief on behalf of UGP in a derivative action against Andrews and Prom for damages to UGP resulting from breach of Andrews' fiduciary duty to UGP and Prom's fiduciary duty to UGP by converting personal property of UGP to their own use and effect and/or the dominion and control of Bioenergy and NB Andrews.

## PARTIES, JURISDICTION AND VENUE

2.    Brill is a citizen and resident of the State of Colorado whose residence address is 4705 Pascal Court, Colorado Springs, Colorado, and is *sui juris*.

3.    Corbisez is a is a citizen and resident of the State of Colorado whose residence address is 1406 Colorado Ave., La Junta, Colorado, and is *sui juris*.

4.    Andrews is a citizen and resident of the State of Arizona residing in Maricopa County, Arizona, and is *sui juris*.

5.    Prom is a citizen and resident of the State of Arizona residing in Maricopa County, Arizona, and is *sui juris*.

6.    UGP is a Limited Liability Company organized and existing under the laws of the State of Arizona with its principal place of business located at 7440 E. Pinnacle Peak Rd., Suite 140, Scottsdale, Arizona.

7.    Bioenergy is a Limited Liability Company organized and existing under the laws of the State of Arizona with its principal place of business located at 7440 E. Pinnacle Peak Rd., Suite 140, Scottsdale, Arizona.

8.    NB Andrews is a corporation organized and existing under the laws of the State of Arizona.

9.    This Court has original jurisdiction over this action for declaratory judgment pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining counts pursuant to 28 U.S.C. § 1367.

10.    Venue of this action is appropriate in Maricopa County, Arizona, as the causes of action alleged herein have taken place in Maricopa County, Arizona.

### COUNT I
### (Declaratory Relief)

11.    Plaintiffs reallege paragraphs 1 through 10 of this Complaint and incorporate them herein by reference as if fully set out.

12.    UGP was originally formed as an Arizona Limited Liability Company in November 2012.

4

13. From the date of UGP's formation to on or about May 15, 2019, the sole member and manager of UGP was NB Andrews.

14. On or about May 15, 2019, NB Andrews, Andrews, Prom, Brill and Corbisez entered into an Amended and Restated Operating Agreement of United Global Partners, LLC ("Amended OA"), wherein NB Andrews was withdrawn as a Member-Manager of UGP and Andrews, Prom, Brill and Corbisez were acknowledged as each owning a Twenty-Five Percent (25%) membership interest in UGP and Andrews, Prom, Brill and Corbisez were each acknowledged as a Manager-Members of UGP. A copy of the Amended OA is attached hereto as *Exhibit "A."*

15. Subsequent to May 15, 2019, Brill and Corbisez learned that Andrews and Prom had embezzled monies totaling approximately $128,611.55 from the JPMorgan Chase bank account number …8656 held in the name of UGP and personally exercised dominion and control over those monies by utilizing the monies for their personal use, the use of Bioenergy, and by transferring the same into Bioenergy and NB Andrews, companies which they owned and/or managed so that by December 2, 2019, UGP had $30.79 remaining in UGP's account number 8656.

16. On or about December 12, 2019, Brill and Corbisez learned that Andrews had previously filed a Chapter 7 bankruptcy in 2011 in the U.S. Bankruptcy Court for the District of Arizona.

17.     On or about November 17, 2019, Brill and Corbisez, acting through their attorney, made written demand that all monies converted by Andrews and Prom be forthwith returned to UGP.  A copy of the demand letter is attached hereto as *Exhibit "B."*

18.     On or about November 18, 2019, Andrews responded on UGP letterhead stating in applicable part to this declaratory judgment action:

> The first thing I did was offer my partner David Prom half of my half and Bill Brill also offered his nephew Jon Corbisez half of his half. So, the intended purpose was we each have 25% ownership of the new venture. **Bill Brill then gambled 1% ownership of United Global Partners to Chris Cagle that I then traded for .5% interest in Cagle Stucco and Masonry. This gives me 26% equity and that combined with David Prom's 25% equity equals the majority equity ownership in United Global Partners, LLC.** [Emphasis added.]

19.     Brill and Corbisez dispute that Brill ever transferred a One Percent (1%) interest in UGP from Brill's Twenty-Five Percent membership interest in UGP for good and valuable consideration, while Andrews and Prom assert that Andrews now owns a Twenty-Six Percent (26%) membership Interest in UGP and, with Prom's Twenty-Five Percent (25%) membership interest, Andrews and Prom now have a controlling membership interest in UGP.

20.     The dispute between Brill and Corbisez, who claim they own an aggregate Fifty Percent membership interest in UGP, and that Andrews and Prom own only the remaining aggregate Fifty Percent (50%) membership interest in UGP,

and Andrews and Prom, who claim majority control of UGP, presents an actual controversy requiring a declaratory determination by this Court whether Brill relinquished One Percent (1%) ownership interest in UGP, ultimately resulting in Andrews owning a Twenty-Six Percent (26%) membership interest in UGP.

21.    All of the interested parties, Brill, Corbisez, Andrews, Prom and UGP have been joined in this action seeking resolution of the dispute concerning whether or not Brill owns a Twenty-Five Percent (25%) or Twenty-Four Percent (24%) membership interest in UGP and whether Andrews owns a Twenty-Five Percent (25%) or Twenty-Six Percent (26%) membership interest in UGP.

22.    Further, Brill and Corbisez because of their dispute over whether Andrews and Prom own an aggregate majority membership interest in UGP, Brill and Corbisez request the Court additionally declare whether a demand upon UPG to institute a derivative action against Andrews, Prom, Bioenergy and NB Andrews would be futile pursuant Arizona Revised Statutes ("A.R.S."), § 29-3802.2., thus authorizing Brill and Corbisez to proceed with derivative claims on behalf of UGP and themselves against Andrews and Prom for breach of fiduciary duty.

23.    Pursuant to 28 U.S.C. § 2201(a), Brill and Corbisez request the Court take jurisdiction of this proceeding and declare:

a.  Brill did not transfer a One Percent Membership Interest in UGP and remains the owner of a Twenty-Five Percent (25%) membership interest in UGP;

b.  Andrews does not own a Twenty-Six Percent (26%) membership interest in UGP, but owns only a Twenty-Five Percent (25%) membership interest in UGP;

c.  Brill and Corbisez own an aggregate Fifty Percent (50%) membership interest in UGP;

d.  Andrews and Prom own an aggregate Fifty Percent (50%) membership interest in UGP;

e.  Brill and Corbisez are relieved from making demand upon UGP to bring civil actions against Andrews, Prom, Bioenergy and NB Andrews because such demand would be futile; and,

f.  Allow for derivative claims to proceed against Andrews, Prom, Bioenergy and NB Andrews in conjunction with the Declaratory Relief Claim herein.

## COUNT II
## (Derivative Claim against Andrews and Prom for Breach of Fiduciary Duty)

24.    Plaintiffs, Brill and Corbisez on behalf of UGP, reallege paragraphs 1 through 10 and 12 through 23 of this Complaint and incorporates them herein by reference as if fully set out.

25.    This is a derivative action filed pursuant to Fed. R. Civ. P. 23.1 and A.R.S. § 29-3802.2.

26.    On and after May 15, 2019, Brill and Corbisez have continuously been members and managers of UGP.

27.    On and after May 15, 2019, Andrews and Prom were manager-members of UGP and, as a result, had a fiduciary duty

28.    Because Andrews and Prom own an aggregate Fifty Percent (50%) membership and would be entitled to vote their interest in opposition to any demand made by Brill and Corbisez to have UGP file a civil action against Andrews, individually, and Prom, individually, and against Bioenergy and NB Andrews, owned and/or controlled by Andrews and Prom, and, based upon the content of the November 18, 2019, response from Andrews attached hereto as *Exhibit "C",* the making of a demand by Brill and Corbisez to the management of UGP to commence a civil action against Andrews, individually, and Prom, individually, and against Bioenergy and NB Andrews, owned and/or controlled by Andrews and Prom, would be futile.  These facts are set forth in compliance with A.R.S. § 29-3804.2.

29.    The facts giving rise to the cause of action set forth in this derivative claim against the Defendants arose subsequent to May 15, 2019, while Brill and Corbisez were members of UGP.

30.    Therefore, Brill and Corbisez are proper Plaintiffs in this derivative action pursuant to A.R.S. § 29-3803.

31.    This derivative claim is not a collusive one to confer jurisdiction that the Court would otherwise lack.

32.    The Court has jurisdiction of this state law derivative claim pursuant to 11 U.S.C. §§ 1331 and 2201(a).

33.    Andrews and Prom embezzled the following presently known sums from JPMorgan Chase bank account number …8656 held in the name of UGP and personally exercised dominion and control over those monies by utilizing the monies for their personal use, the use of Bioenergy, and by transferring the same into Bioenergy and NB Andrews, companies which they owned and/or managed so that by December 2, 2019, UGP had $30.79 remaining in UGP's account number 8656:

a.  May 31, 2019, transfer of $20,000.00 to account ending in 2922;

b.  June 12, 2019, transfer of $1,200.00 to account ending in 3338;

c.  June 13, 2019, transfer of $989.55 to account ending in 2659;

d.  June 14, 2019, transfer of $1,500.00 to account ending in 0802;

e.  June 15, 2019, transfer of $250.00 to account ending in 3338;

f.  June 19, 2019, transfer of $1,700.00 to account ending in 3338;

g.  June 24, 2019, transfer of $500.00 to account ending in 0802;

h.  June 26, 2019, transfer of $1,600.00 to account ending in 3338;

i.  June 28, 2019, transfer of $500.00 to account ending in 0802;

j.  July 1, 2019, transfer of $2,500.00 to account ending in 9499;

k.  July 2, 2019, transfer of $2,500.00 to account ending in 3338;

l.  July 3, 2019, transfer of $3,000.00 to account ending in 0802;

m.  July 3, 2019, transfer of $3,000.00 to account ending in 3338;

n.  July 9, 2019, transfer of $1,700.00 to account ending in 3338;

o.  July 19, 2019, transfer of $100.00 to account ending in 2922;

p.  July 22, 2019, transfer of $100.00 to account ending in 0802;

q.  July 23, 2019, transfer of $2,500.00 to account ending in 0802;

r.  July 23, 2019, transfer of $100.00 to account ending in 2922;

s.  July 25, 2019, transfer of $300.00 to account ending in 0802;

t.  July 29, 2019, transfer of $500.00 to account ending in 0802;

u.  July 31, 2019, transfer of $800.00 to account ending in 3338;

v.  July 31, 2019, transfer of $1,000.00 to account ending in 0802;

w.  August 1, 2019, transfer of $100.00 to account ending in 3338;

x.  August 1, 2019, transfer of $2,700.00 to account ending in 0802;

y.  August 2, 2019, transfer of $1,700.00 to account ending in 3338;

z.  August 7, 2019, transfer of $1,500.00 to account ending in 3338;

aa. August 9, 2019, transfer of $250.00 to account ending in 3338;

bb. August 12, 2019, transfer of $600.00 to account ending in 0802;

cc. August 13, 2019, transfer of $325.00 to account ending in 0802;

dd. August 13, 2019, transfer of $200.00 to account ending in 2659;

ee. August 13, 2019, transfer of $500.00 to account ending in 0802;

ff. August 15, 2019, transfer of $200.00 to account ending in 3338;

gg. August 15, 2019, transfer of $3,650.00 to account ending in 3338;

hh. August 19, 2019, transfer of $2,500.00 to account ending in 3338;

ii. August 21, 2019, transfer of $1,500.00 to account ending in 3338;

jj. August 21, 2019, transfer of $800.00 to account ending in 3338;

kk. September 11, 2019, transfer of $1,475.00 to account ending in 3338;

ll. September 13, 2019, transfer of $500.00 to account ending in 3338;

mm. September 16, 2019, transfer of $1,500.00 to account ending in 3338;

nn. September 16, 2019, transfer of $500.00 to account ending in 3338;

oo. September 18, 2019, transfer of $500.00 to account ending in 3338;

pp. September 18, 2019, transfer of $600.00 to account ending in 3338;

qq. September 25, 2019, transfer of $12,000.00 to account ending in 3338;

rr. September 26, 2019, transfer of $4,000.00 to account ending in 3338;

ss. September 30, 2019, transfer of $7,000.00 to account ending in 0802;

tt.  October 2, 2019, transfer of $1,000.00 to account ending in 3338;

uu. October 7, 2019, transfer of $6,000.00 to account ending in 3338;

vv. October 9, 2019, transfer of $200.00 to account ending in 3338;

ww.  October 21, 2019, transfer of $500.00 to account ending in 3338;

xx. October 25, 2019, transfer of $500.00 to account ending in 3338;

yy. October 29, 2019, transfer of $5,000.00 to account ending in 3338;

zz. October 30, 2019, transfer of $1,800.00 to account ending in 3338;

aaa.  November 1, 2019, transfer of $5,000.00 to account ending in 0802;

bbb.  On information and belief Andrews and Prom caused a check to be issued from UGP's account ending in 8656 to an employee or independent contractor of Bioenergy, which sum was unconnected to any benefit provided to UGP.

34.    The above-described transfers caused by Andrews and Prom acting in their personal interests and in contravention of the interests of UGP were *ultra vires* and deprived UGP of its lawful use of its operating cash causing UGP to *de facto* become insolvent as to cash flow.

35.    As a result, Andrews and Prom have breached their duty of trust as managers of UGP, thereby causing damage to UGP in the sum of at least $128,531.55 plus lawful interest thereon.

36.    Plaintiffs in this derivative action have employed the undersigned counsel and have agreed to pay a reasonable attorney's fee and costs of the derivative claims alleged in this action. Pursuant to A.R.S. § 29-3806.B, if this derivative action is successful, in whole or in part, the court may award Brill and Corbisez reasonable expenses, including reasonable attorney fees and costs, from the recovery of the limited liability company.

## COUNT III
## (Derivative Claim against Andrews, Prom, Bioenergy and NB Andrews for Conversion)

37.    Plaintiffs, Brill and Corbisez on behalf of UGP, reallege paragraphs 1 through 10, 12 through 23, 25 through 33 and 36 and of this Complaint and incorporates them herein by reference as if fully set out.

38.    This is a cause of action for conversion of personal property of UGP, to wit, the sum of at least $128,531.55, held in JPMorgan Chase bank account number …8656 held in the name of UGP for the sole use and benefit of UGP.

39.    This is a derivative action filed pursuant to Fed. R. Civ. P. 23.1 and A.R.S. § 29-3802.2.

40.    On and after May 15, 2019, Brill and Corbisez have continuously been members and managers of UGP.

41.    On and after May 15, 2019, Andrews and Prom were manager-members of UGP and, as a result, had a fiduciary duty

42.    Because Andrews and Prom own an aggregate Fifty Percent (50%) membership and would be entitled to vote their interest in opposition to any demand made by Brill and Corbisez to have UGP file a civil action against Andrews, individually, and Prom, individually, and against Bioenergy and NB Andrews, owned and/or controlled by Andrews and Prom, and, based upon the content of the November 18, 2019, response from Andrews attached hereto as Exhibit "C", the making of a demand by Brill and Corbisez to the management of UGP to commence a civil action against Andrews, individually, and Prom, individually, and against Bioenergy and NB Andrews, owned and/or controlled by Andrews and Prom, would be futile. These facts are set forth in compliance with A.R.S. § 29-3804.2.

43.    The facts giving rise to the cause of action set forth in this derivative claim against the Defendants arose subsequent to May 15, 2019, while Brill and Corbisez were members of UGP. Therefore, Brill and Corbisez are proper Plaintiffs in this derivative action pursuant to A.R.S. § 29-3803.

44.    This derivative claim is not a collusive one to confer jurisdiction that the Court would otherwise lack.

45.    The Court has jurisdiction of this state law derivative claim pursuant to 11 U.S.C. §§ 1331 and 2201(a).

46.    Andrews and Prom embezzled the following presently known sums from JPMorgan Chase bank account number …8656 held in the name of UGP and personally exercised dominion and control over those monies by utilizing the monies for their personal use, the use of Bioenergy, and by transferring the same into Bioenergy and NB Andrews, companies which they owned and/or managed so that by December 2, 2019, UGP had $30.79 remaining in UGP's account number 8656:

 a. May 31, 2019, transfer of $20,000.00 to account ending in 2922;

 b. June 12, 2019, transfer of $1,200.00 to account ending in 3338;

 c. June 13, 2019, transfer of $989.55 to account ending in 2659;

 d. June 14, 2019, transfer of $1,500.00 to account ending in 0802;

 e. June 15, 2019, transfer of $250.00 to account ending in 3338;

 f. June 19, 2019, transfer of $1,700.00 to account ending in 3338;

 g. June 24, 2019, transfer of $500.00 to account ending in 0802;

 h. June 26, 2019, transfer of $1,600.00 to account ending in 3338;

 i. June 28, 2019, transfer of $500.00 to account ending in 0802;

 j. July 1, 2019, transfer of $2,500.00 to account ending in 9499;

 k. July 2, 2019, transfer of $2,500.00 to account ending in 3338;

 l. July 3, 2019, transfer of $3,000.00 to account ending in 0802;

 m. July 3, 2019, transfer of $3,000.00 to account ending in 3338;

 n. July 9, 2019, transfer of $1,700.00 to account ending in 3338;

o.  July 19, 2019, transfer of $100.00 to account ending in 2922;

p.  July 22, 2019, transfer of $100.00 to account ending in 0802;

q.  July 23, 2019, transfer of $2,500.00 to account ending in 0802;

r.  July 23, 2019, transfer of $100.00 to account ending in 2922;

s.  July 25, 2019, transfer of $300.00 to account ending in 0802;

t.  July 29, 2019, transfer of $500.00 to account ending in 0802;

u.  July 31, 2019, transfer of $800.00 to account ending in 3338;

v.  July 31, 2019, transfer of $1,000.00 to account ending in 0802;

w.  August 1, 2019, transfer of $100.00 to account ending in 3338;

x.  August 1, 2019, transfer of $2,700.00 to account ending in 0802;

y.  August 2, 2019, transfer of $1,700.00 to account ending in 3338;

z.  August 7, 2019, transfer of $1,500.00 to account ending in 3338;

aa. August 9, 2019, transfer of $250.00 to account ending in 3338;

bb. August 12, 2019, transfer of $600.00 to account ending in 0802;

cc. August 13, 2019, transfer of $325.00 to account ending in 0802;

dd. August 13, 2019, transfer of $200.00 to account ending in 2659;

ee. August 13, 2019, transfer of $500.00 to account ending in 0802;

ff. August 15, 2019, transfer of $200.00 to account ending in 3338;

gg. August 15, 2019, transfer of $3,650.00 to account ending in 3338;

hh. August 19, 2019, transfer of $2,500.00 to account ending in 3338;

ii. August 21, 2019, transfer of $1,500.00 to account ending in 3338;

jj. August 21, 2019, transfer of $800.00 to account ending in 3338;

kk. September 11, 2019, transfer of $1,475.00 to account ending in 3338;

ll. September 13, 2019, transfer of $500.00 to account ending in 3338;

mm. September 16, 2019, transfer of $1,500.00 to account ending in 3338;

nn. September 16, 2019, transfer of $500.00 to account ending in 3338;

oo. September 18, 2019, transfer of $500.00 to account ending in 3338;

pp. September 18, 2019, transfer of $600.00 to account ending in 3338;

qq. September 25, 2019, transfer of $12,000.00 to account ending in 3338;

rr. September 26, 2019, transfer of $4,000.00 to account ending in 3338;

ss. September 30, 2019, transfer of $7,000.00 to account ending in 0802;

tt. October 2, 2019, transfer of $1,000.00 to account ending in 3338;

uu. October 7, 2019, transfer of $6,000.00 to account ending in 3338;

vv. October 9, 2019, transfer of $200.00 to account ending in 3338;

ww. October 21, 2019, transfer of $500.00 to account ending in 3338;

xx. October 25, 2019, transfer of $500.00 to account ending in 3338;

yy. October 29, 2019, transfer of $5,000.00 to account ending in 3338;

zz. October 30, 2019, transfer of $1,800.00 to account ending in 3338;

aaa. November 1, 2019, transfer of $5,000.00 to account ending in 0802;

bbb. On information and belief Andrews and Prom caused a check to be issued from UGP's account ending in 8656 to an employee or independent contractor of Bioenergy, which sum was unconnected to any benefit provided to UGP.

47. Andrews, Prom, Bioenergy and NB Andrews intentionally exercised dominion or control over monies specifically retained by UGP for its own use and benefit, and said Defendants seriously interfered with UGP's right to use and obtain the benefit of the dedicated sum.

48. As a result, Andrews, Prom, Bioenergy and NB Andrews should be compelled to pay UGP the full value of the chattel converted.

49. Plaintiffs in this derivative action have employed the undersigned counsel and have agreed to pay a reasonable attorney's fee and costs of the derivative claims alleged in this action. Pursuant to A.R.S. § 29-3806.B, if this derivative action is successful, in whole or in part, the court may award Brill and Corbisez reasonable expenses, including reasonable attorney fees and costs, from the recovery of the limited liability company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. Enter a Declaratory Judgment declaring:

1.  Brill did not transfer a One Percent Membership Interest in UGP
    and remains the owner of a Twenty-Five Percent (25%)
    membership interest in UGP;

2.  Andrews does not own a Twenty-Six Percent (26%) membership
    interest in UGP, but owns only a Twenty-Five Percent (25%)
    membership interest in UGP;

3.  Brill and Corbisez own an aggregate Fifty Percent (50%)
    membership interest in UGP;

4.  Andrews and Prom own an aggregate Fifty Percent (50%)
    membership interest in UGP; and

5.  Brill and Corbisez are relieved from making demand upon UGP
    to bring civil actions against Andrews, Prom, Bioenergy and NB
    Andrews because such demand would be futile;

B.  Award UGP damages, attorney's fees and costs against Andrews and Prom
    proximately caused by Andrews' and Prom's breach of fiduciary duty to
    UGP;

C.  Award UGP damages, attorney's fees and costs against Andrews, Prom,
    Bioenergy and NB Andrews for Andrews', Prom's, Bioenergy's and NB
    Andrews' conversion of UGP's chattel; and

D. Any other relief the Court deems appropriate, including but not limited to a reasonable award of attorney fees and costs as well as actual, ancillary, consequential damages against the Defendants.

E. Plaintiffs reserve the right to amend requesting an award of punitive damages.

DATED this 17th day of December, 2019.


S/ *CRAIG A. BRAND, Esq,*
_____
**Craig A. Brand, Esq.**
Mystic Law P.A.
6411 S. Jamaica Circle
Englewood, Colorado 80111
Telephone: (305) 878-1477
E-mail: Craig@ganjalaw.com
Attorney for Plaintiffs

## VERIFICATION OF DERIVATIVE CLAIMS
## PURSUANT TO FED. R. CIV. P. 23.1

STATE OF ~~COLORADO~~)  *Arizona*

                      ) SS:

County of *Maricopa* )

      ON THIS DAY personally appeared before me, WILLIAM BRILL, personally known to me or who produced the following identification *Arizona Driver's License* , who after being duly sworn, deposes and says that on and after May 15, 2019, I have been member of UNITED GLOBAL PARTNERS, LLC, an Arizona Limited Liability Company, I have personal knowledge of the facts set forth in the derivative claims alleged in this action, and the facts set forth in the derivative claims are true to the best of my knowledge.

                                WILLIAM BRILL

Sworn to and subscribed before me on this *17th* day of December, 2019.

_____ (Seal)
Notary Public State of Arizona

CHRISTINA K ANDERSON
Notary Public, State of Arizona
Maricopa County
My Commission Expires
April 03, 2022

My Commissions Expires: *04/03/2022*

STATE OF ARIZONA)

                      ) SS:

County of *Maricopa* )

      ON THIS DAY personally appeared before me, JON CORBISEZ, personally known to me or who produced the following identification *Colorado Driver's License*, who after being duly sworn, deposes and says that on and after May 15, 2019, I have been member of UNITED GLOBAL PARTNERS,

LLC, an Arizona Limited Liability Company, I have personal knowledge of the facts set forth in the derivative claims alleged in this action, and the facts set forth in the derivative claims are true to the best of my knowledge.)

JON CORBISEZ

Sworn to and subscribed before me on this 17th day of December, 2019.

Notary Public State of Arizona                    (Seal)

CHRISTINA K ANDERSON
Notary Public, State of Arizona
Maricopa County
My Commission Expires
April 03, 2022

My Commissions Expires: 04/03/2022

DATED this 17th day of December, 2019.

S/ CRAIG A. BRAND. Esq.

**Craig A. Brand, Esq.**
Mystic Law P.A.
6411 S. Jamaica Circle
Englewood, Colorado 80111
Telephone: (305) 878-1477
E-mail: Craig@ganjalaw.com
Attorney for Plaintiffs