Craig A. Brand, Esq.
Mystic Law P.A.
6411 S. Jamaica Circle
Englewood, Colorado 80111
Florida Bar No. 896111
*Pro Hac Vice* Granted 12/9/2019
Telephone: (305) 878-1477
E-mail: Craig@ganjalaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

William Brill, an Individual; and
Jon Corbisez, an Individual,

               Plaintiffs,

v.

Nicholas Andrews, an Individual;
and David Prom, an Individual;
USA Bioenergy LLC, an Arizona
Limited Liability Company; and
Nicholas Andrews, Inc., an Arizona
Corporation d/b/a NB Andrews and
Associates,

               Defendants.
_____/

No.: CV-19-05844-PHX-SPL

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

    Plaintiffs, William Brill, an Individual, and Jon Corbisez, an Individual, by and through their undersigned counsel, herewith respond in opposition to Defendants' Motion to Dismiss Amended Complaint (ECF No. 26) and say:

1

Plaintiffs' Amended Complaint (ECF No. 25) alleges three separate counts against Defendants: Count I (Breach of Contract); Count II (Breach of Implied Contract-Covenant of Good Faith and Fair Dealing; and Count III (Fraud in the Inducement).

## FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction. There are two types of Rule 12(b)(1) jurisdictional attacks: facial and factual. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Where the defendant brings a facial attack, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor. The court does not accept the truth of legal conclusions cast in the form of factual allegations, however. Where the defendant brings a factual attack, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." "It also need not presume the truthfulness of the plaintiffs' allegations." "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."

*Financial Institution Products Corp. v. LOS Global Systems LLC*, No. 16-cv-00283 JWS, 2016 WL 4479577 (D. Ariz. Aug. 24, 2016)(Citations omitted.)

## DISMISSAL IS NOT WARRANTED UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)

2

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(1), which requires that the action exceed the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.  Paragraphs 1 through 6 establish that the Plaintiffs are citizens of the State of Colorado and the Defendants are all citizens of the State of Arizona.  The minimum jurisdictional amount is established by paragraphs 7, 24, 33 and 50.

The Defendants do not challenge that the Plaintiffs and the Defendants named in the Amended Complaint are citizens of different states, nor do they challenge that the amount in controversy is in excess of $75,000, exclusive of interests and costs. Instead, Defendants argue that "Plaintiffs cannot establish diversity jurisdiction as Plaintiffs should be required to pursue a derivative action on behalf of the parties' limited liability company, United Global Partners, LLC ("UGP") because the monies allegedly owed by Defendants, assuming *arguendo* those claims are legitimate, must be payable to UGP, not Plaintiffs individually, as: (1) payment directly to Plaintiffs would materially and adversely affect the interests of UGP's creditors; and, (2) in keeping with the oral agreement alleged to exist by Plaintiffs, the disposition of those monies from UGP can only be undertaken based upon the unanimous consent of the parties, as member/managers of UGP; and, (3) Defendants' liability, if any, is to UGP, not Plaintiffs per A.R.S. § 29-3706."

Defendants Rule 12(b)(1) argument claims that United Global Partners, LLC, is a necessary party in this action and, that, if United Global Partners, LLC, is a necessary party, the action would no longer be between citizens of different states. Defendants' argument is based upon: The Amended and Restated Operating Agreement of United Global Partners, LLC, attached as Exhibit "A" to their Motion to Dismiss (ECF No. 26 at ** 19-28); Agreement for the Cultivation and Sale of Industrial Hemp Related Products, attached as Exhibit "B" to the Motion to Dismiss(ECF No. 26 at ** 30-44), which is no longer in effect, a copy of a Promissory Note dated September 23, 2019, in the sum of $100,000.00 executed by United Global Partners, LLC in favor of Jim Larson, Ron Stalica, Grant King and Norm Sendler attached as Exhibit "C" to the Amended Complaint (ECF No. 21 at ** 46-48); a copy of a Promissory Note dated September 10, 2019, in the sum of $100,000.00 executed by United Global Partners, LLC in favor of Marc Rosenberg, attached as Exhibit "D" to the Amended Complaint (ECF No. 21 at ** 50-52); and a copy of the November 13, 2002 Articles of Organization of United Global Partners, LLC, , attached as Exhibit "E" to the Amended Complaint (ECF No. 21 at ** 54-55.

**Defendants misapprehend the nature of Plaintiffs' causes of action**. These causes of action all based upon an oral contractual relationship between Brill and Corbisez, citizens of Colorado, and Andres and Prom, citizens of Arizona.

4

Paragraphs 12 through 16 of the Amended Complaint establish the offer, acceptance and consideration **exchanged between the citizens of the two different states**.

The Operating Agreement for United Global Partners, LLC is simply a generic operating agreement admitting the Plaintiffs as members of a preexisting Arizona limited liability company.  Section 3.01 of the Operating Agreement, entitled "**Purpose**"" states: "The business of the Company shall be to conduct any lawful business whatsoever that may be conducted by the limited liability companies pursuant to the Act."  [ECF No. 21 at * 17.]  Exhibit "A" contains no integration clause.  Nothing in Exhibit "A" is fact specific as to the preexisting oral agreement between Brill, Corbisez, Andrews and Prom.

Exhibit "B," "C," and "D" merely arose in the course of the original oral contract being performed, and Exhibit "E" demonstrates that prior to the execution of the Operating Agreement, United Global Partners, LLC was a citizen of the State of Arizona.

**Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for lack of diversity should be denied**.

### FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a " 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.' " *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [ ] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

*Al Saud v. Lamb*, No. 18-cv-04890-SPL, 2020 WL 1904619 at ** 1-2 (D. Ariz. Apr. 17, 2020).

**RESPONSE TO DEFENDANTS' RULE 12(b)(6) ARGUMENTS**

6

Defendants argue that Brill and Corbisez's Motion for Leave to File Amended Complaint should be denied because (1) Brill and Corbisez are only entitled to relief against the Defendants by filing a derivative action through United Global Partners, LLC, an Arizona Limited Liability Company, which entity is not a party to the Amended Complaint, and (2) the Arizona Statute of Frauds (A.R.S. § 44-101(5)) bars Brill and Corbisez's three (3) count proposed Amended Complaint because the three (3) counts are based upon an oral "agreement which is not to be performed within one year from the making."

Defendants have attached five (5) exhibits to their Response in support of their argument:

1.    Exhibit "A" (ECF No. 21 at ** 19-28), a copy of the Amended and Restated Operating Agreement of United Global Partners, LLC, dated May 15, 2019.

Exhibit "A" is simply a generic operating agreement admitting the Plaintiffs as members of a preexisting Arizona limited liability company.  Exhibit "A", Section 3.01, entitled "**Purpose**"" states: "The business of the Company shall be to conduct any lawful business whatsoever that may be conducted by the limited liability companies pursuant to the Act."  [ECF No. 21 at * 17.]  Exhibit "A" contains no integration clause.  Nothing in exhibit "A" is fact specific as to the preexisting oral agreement between Brill, Corbisez, Andrews and Prom.

2.      Exhibit "B" " (ECF No. 21 at ** 30-44), a copy of the June 20, 2019, "Agreement for the Cultivation, Production and Sale of Industrial Hemp Related Products" entered into between United Global Partners, LLC, and Avalon Gardens Slow Food Enterprises, LLC, an Arizona limited liability company.

3.      Paragraph 1(a) of Exhibit "B" entitled "Term": provides: "This Agreement shall commence on the [June 20, 2019] Effective Date and shall continue until December 31, 2020 (the **"Initial Term"),** unless and until earlier terminated as provided in Section [1][1](c)."  [ECF No. 21 at * 27.]

Paragraph 1(c) of Exhibit "B" entitled "Termination" provides various grounds upon which Exhibit "B" can be terminated prior to its term. [ECF No. 21 at * 27.]

4.       Exhibit "C" (ECF No. 21 at ** 46-48), a copy of a Promissory Note dated September 23, 2019,  in the sum of $100,000.00 executed by United Global Partners, LLC in favor of Jim Larson, Ron Stalica, Grant King and Norm Sendler. The Promissory Note has a maturity date of December 31, 2019.

5.      Exhibit "D" (ECF No. 21 at ** 50-52),  a copy of a Promissory Note dated September 10, 2019,  in the sum of $100,000.00 executed by United Global

---

[1] (Sic).

8

Partners, LLC in favor of Marc Rosenberg.  The Promissory Note has a maturity date of March 31, 2020.

6.    Exhibit "E" (ECF No. 21 at ** 54-55)

**Aside from being irrelevant to the alleged causes of action set for the in the Amended Complaint, they impermissibly request the Court to go outside of the four corners of the Amended Complaint** and even attempt to imply that by allowing Plaintiffs to proceed with their causes of action, the Court will be impeding the rights of United Global Partners, LLC's creditors by failing to require Plaintiffs pursue only a derivative cause of action against these Defendants through United Global Partners, LLC. <u>The creditors are not parties to the oral agreement</u>.  <u>The creditors have their own right of direct action against United Global Partners, LLC</u>.

In the analogous case of *Crone v. Amado*, 69 Ariz. 389, 214 P.2d 518 (1950), the Supreme Court of Arizona discussed a preexisting oral agreement that the defense claimed constituted an unauthorized attempt by the Plaintiff to introduce parol evidence to vary the terms of a written agreement.  The Court held:

> At the beginning of the trial plaintiff attempted to prove an oral contract, and was met with an objection that an attempt was being made to evade the written contract by parol evidence. At first the trial court sustained defendants' objections and endeavored to limit plaintiff to the written memorandum and subsequent events and conversations which could be construed as oral modifications of the writing. As the trial progressed the court apparently became aware that the written memorandum was so sketchy that, if it were to be determined what the relationship between the parties was and had been, extrinsic evidence

9

> if available would be enlightening.  At this stage of the proceeding the court admitted some parol testimony leading up to the making of the written memorandum. In adopting this position the court in part relied on a statement in the memorandum which recited that one of the considerations for the loaning of the money by the mortgagee, who was a party to the writing, was the existence "of a certain building contract" between the "mortgagors" and the contractor. This reference could only have been to an oral contract.

*Crone*, 69 Ariz. at 395, 214 P.2d at 522.  In *Crone*, the Defendant had at least a written memorandum of some of the terms of the contract between the parties, but the trial court had to resort to the initial oral agreement to fill in the missing elements of the contractual relationship.  <u>Here</u>, the Defendants do not have the slightest recitation in the Operating Agreement of anything except the manner in which United Global Partners, LLC will be governed.

**Indeed, the Operating Agreement would not have come into existence but for the preexisting oral agreement between Brill, Corbisez, Andrews and Prom**.

Defendants' arguments are inapplicable to the proposed causes of action.

## <u>PLAINTIFFS HAVE A RIGHT OF DIRECT ACTION AGAINST THE DEFENDANTS FOR BREACH OF CONTRACT</u>

"For an enforceable contract to exist, there must be an offer, an acceptance, consideration, and sufficient specification of terms so that obligations involved can be ascertained." *K-Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n,* 139 Ariz. 209, 212, 677 P.2d 1317, 1320 (1983).  In paragraphs 12 through 24, Brill and

10

Corbisez have pleaded ultimate facts constituting the necessary elements to state a cause of action for breach of contract by Brill and Corbisez against Andrews and Prom and their alter egos,  USA Bioenergy LLC, an Arizona Limited Liability Company; and Nicholas Andrews, Inc., an Arizona Corporation d/b/a NB Andrews and Associates.

## PLAINTIFFS HAVE A RIGHT OF DIRECT ACTION AGAINST THE DEFENDANTS FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

"Arizona law implies a covenant of good faith and fair dealing in every contract." *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 490, ¶ 59, 38 P.3d 12, 28, ¶ 59 (2002).  This covenant prohibits the parties from engaging in any "act to impair the right of the other to receive the benefits which flow from their agreement or the contractual relationship." *Beaudry v. Ins. Co. of the West,* 203 Ariz. 86, 91, ¶ 18, 50 P.3d 836, 841, ¶ 18 (2002).  Having established the contract between Brill, Corbisez, Andrews and Prom in Count I, Brill and Corbisez proceeded to allege paragraphs 29 through 33, thereby constituting the necessary elements to state a cause of action for breach of the implied covenant of good faith and fair dealing.

11

## **PLAINTIFFS HAVE A RIGHT OF DIRECT ACTION AGAINST THE DEFENDANTS FOR FRAUD IN THE INDUCEMENT**

Count III alleges Fraud in the Inducement. To prove fraud, the allegations of Count III must include: (1) a representation by defendants; (2) its falsity; (3) its materiality; (4) defendants' knowledge of its falsity or ignorance of its truth; (5) defendants' intent that it should be acted upon by Brill and Corbisez in the manner reasonably contemplated; (6) Brill and Corbisez's ignorance of its falsity; (7) their reliance on its truth; (8) their right to rely thereon; and (9) their consequent and proximate injury.  *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.,* 236 Ariz. 326, 333, ¶ 31, 340 P.3d 405, 412, ¶ 31  (App. 2014) (quoting *Nielson v. Flashberg,* 101 Ariz. 335, 338-39, 419 P.2d 514, 517-18  (1966)).  Paragraphs 36, 40-43 and 45-50 of the proposed Amended Complaint allege sufficient ultimate facts to meet the requirements of Fed. R. Civ. P. 9(b).

United Global Partners, LLC, was never a party to the oral agreement between Brill, Corbisez, Andrews and Prom.  At most it was to serve as an insulation from personal liability of Brill, Corbisez, Andrews and Prom to third parties.  It was never intended to insulate Andrews and Prom from breaching their contractual obligations to Brill and Corbisez, nor could it be used to insulate Andrews and Prom from Brill and Corbisez's fraud in the inducement claim.

## ARIZONA STATUTE OF FRAUDS DOES NOT BAR BRILL AND CORBISEZ'S CLAIMS

Defendants argue that the Arizona Statute of Frauds (A.R.S. § 44-101(5)) is a bar to Brill and Corbisez's causes of action; however, Defendants have failed to analyze how Arizona Courts have interpreted the statute.

> Arizona courts follow the general rule interpreting that provision to mean "impossible to be performed within one year." *Co–Op Dairy, Inc. v. Dean*, 102 Ariz. 573, 575, 435 P.2d 470, 472 (1967). Accord *Edward Greenband Enterprises v. Pepper*, 112 Ariz. 115, 538 P.2d 389 (1975). If an oral agreement can possibly be performed within one year, the statute of frauds does not apply. *Waugh v. Lennard,* 69 Ariz. 214, 211 P.2d 806 (1949). The agreement in this case could have been performed within one year. The fact that it took longer does not mean it is barred by the statute of frauds.

*Healey v. Coury*, 162 Ariz. 349, 353, 783 P.2d 795, 799 (1989).

The very documents attached as Exhibits "B", "C" and "D" to Defendant's Response refute the applicability of the statute:

1.    As to Exhibit "B", the contract became effective June 20, 2019, and while the term continued to December 31, 2020, paragraph 1(c) provided multiple circumstances under which the contract could be terminated in less than one year from May 15, 2019, oral contract [which, in fact, it was];

2.    As to Exhibit "C", the Promissory Note was issued September 23, 2019, and matured December 31, 2019; and

13

3.    As to Exhibit "D", the Promissory Note was issued September 10, 2019, and matured March 31, 2020.

Further, the three causes of action pleaded in the Amended Complaint all either matured or could have matured within one year of the May 15, 2019, oral agreement between Brill, Corbisez, Andrews and Prom.

### CONCLUSION

The Defendants have failed to demonstrate that Plaintiffs' Amended Complaint either fails to establish federal jurisdiction under 28 U,S,C. § 1332(a)(1) or that the claims alleges in the Amended Complaint fail to state a caused of action under Federal Rules of Civil Procedure 12(b)(6).

Wherefore, Plaintiffs, William Brill and Jon Corbisez, pray that this Court will deny the Defendants' Motion to Dismiss Amended Complaint.

Dated April 30, 2020.

Respectfully submitted,

S/ CRAIG A. BRAND
Craig A. Brand, Esq.
Mystic Law P.A.
6411 S. Jamaica Circle
Englewood, Colorado 80111
Telephone: (305) 878-1477
E-mail: Craig@ganjalaw.com
Attorney for Plaintiffs

A copy of the foregoing transmitted via

14

the Court's electronic filing system this 30th day of April, 2020 to:

Josh G. Funkhouser, Esq.
Davidson & Kaffer, PLLC
Attorneys for Defendants
8700 E. Pinnacle Peak Road, Suite 221
P.O. Box 27500
Scottsdale, Arizona 85255

S/ CRAIG A. BRAND
Craig A. Brand, Esq.

15