**DAVIDSON & KAFFER, PLLC**
**8700 E. Pinnacle Peak Road, Suite 221**
**P.O. Box 27500**
**Scottsdale, Arizona 85255**
**Telephone:   (480) 585-3100**
**Facsimile:  (480) 585-8585**

Frederick E. Davidson - State Bar No. 013199
Chad R. Kaffer - State Bar No. 022909
Josh G. Funkhouser - State Bar No. 032900
FED@davidsonlaw.net
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Brill, an individual; Jon Corbisez, an individual, | ) |
| | ) | Case No.: **2:19-cv-05844-SPL** |
| Plaintiffs, | ) |
| v. | ) | **REPLY IN SUPPORT OF** |
| | ) | **DEFENDANTS' MOTION TO** |
| | ) | **DISMISS AMENDED** |
| Nicholas Andrews, an individual; David Prom, | ) | **COMPLAINT** |
| an individual; USA Bioenergy LLC., an | ) |
| Arizona limited liability company; Nicholas | ) |
| Andrews, Inc., an Arizona corporation d/b/a NB | ) | **(*Oral Argument Requested*)** |
| Andrews and Associates, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pursuant to *Fed. R. Civ. P.* 12(b)(1) and (6), Defendants Nicholas Andrews, David

Prom, USA Bioenergy LLC., and Nicholas Andrews, Inc. d.b..a. NB Andrews and

Associates, ("Defendants") hereby submit this Reply in Support of Motion to Dismiss that

Amended Complaint (Doc. No. 25) filed by Plaintiffs William Brill and Jon Corbisez

("Plaintiffs") on April 10, 2020.  Defendants' Motion should be granted as:

(a)    Plaintiffs are unable to overcome the fact that their claims are based upon allegations that the Defendants purportedly misused funds from the account of United Global Partners, LLC ("UGP"), the entity "through which each of the Parties would perform their respective joint venture obligations", thus invoking the provisions of A.R.S. § 29-3406(A), resulting in the claims belonging to UGP, not Plaintiffs; and,

(b)    Plaintiffs are unable to overcome the fact that repayment of those monies to Defendants, instead of UGP, would materially and adversely affect the interests of UGP's creditors; and,

(c)    Plaintiffs are unable to overcome the fact that in keeping with the oral agreement alleged to exist by Plaintiffs, the disposition of those monies from UGP can only be undertaken based upon the unanimous consent of the parties, as member/managers of UGP, not any of the parties individually; and,

(d)    Based upon (a), (b) and (c) above, Plaintiffs must be required to pursue a derivative action on behalf of UGP in accordance with the provisions of A.R.S. § 29-3807, which precludes diversity jurisdiction since UGP is a citizen of both Colorado and Arizona; and,

(e)    Plaintiffs are unable to overcome the fact that Plaintiffs' Count III, pertaining to "fraud in the inducement" is not a claim based in fraud, but instead based solely upon an agreement to do something in the future, if at all, thus constituting at most a contract claim; and, as such, fails to state a claim upon which relief may be granted.

This Motion is supported by the following Memorandum of Points and Authorities, along with all other filings in this case including, but not limited to, Plaintiffs' Motion to Dismiss Amended Complaint.

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**I.    LEGAL ARGUMENT**

    **A.    Under the Facts Alleged by Plaintiffs, The Claims Asserted Belong to UGP, Not Plaintiffs, Requiring Joinder of UGP, Thus Defeating Diversity Jurisdiction.**

        *1.    Plaintiffs' Allegations Requiring Joinder of UGP*

Plaintiffs have alleged the following:

    (a)    that UGP is the entity "through which each of the Parties would perform their respective joint venture obligations". *See*, Amended Complaint (Doc. 25), ¶¶ 15, 45.

    (b)    that all monies either loaned to the joint venture by the Parties and/or obtained by third parties and/or investments from third parties would be deposited in UGP's bank account.... *See*, Amended Complaint (Doc. 25), ¶¶ 16, 19, 46.

    (c)    that third party loans in excess of $200,000.00 were obtained and deposited into the UGP account. *See*, Amended Complaint (Doc. 25) ¶ 18, 19, 46

    (d)    that none of the monies would be withdrawn from the UGP account without the Parties' unanimous consent, other than for the payment of certain expenses. *See*, Amended Complaint (Doc. 25), ¶¶ 16, 46.

    (e)    that Defendants diverted monies in the UGP account without the consent of Plaintiffs. *See*, Amended Complaint (Doc.25), ¶¶ 20, 21, 29, 30, 48.

    (f)    that due to Defendants' alleged diversion of monies in the UGP account, UGP was caused to become insolvent. *See*, Amended Complaint, (Doc. 25), ¶ 22, 31

    2.    *Facts Known Based Upon Documents Central to Plaintiffs' Claims and Plaintiffs' Response to the Motion to Dismiss Amended Complaint.*

Based upon the documents that are central to Plaintiffs' allegations, and Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Amended Complaint,  we know:

    (a)    the third-party loans were loans to UGP, not to the Parties individually, and are obligations of UGP, not UGP's members/managers. *See*, Plaintiffs' Motion to Dismiss Amended Complaint (Doc. 26), Section I(D).

(b)   UGP's governance is subject to an operating agreement signed by both Plaintiffs and Defendants.  *See*, Defendants' Motion to Dismiss Amended Complaint (Doc. 26), Section I(B).

(c)   the UGP operating agreement sets forth the "manner in which United Global Partners, LLC will be governed. *See*, Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Amended Complaint (Doc. 27), Page 10, Lines 12-14.

(d)   UGP has other obligations arising out of its agreement with Avalon Gardens Slow Food Enterprises, LLC, pertaining to the propagation, harvesting and sale of hemp seeds and plants. *See*, Defendants' Motion to Dismiss Amended Complaint (Doc. 26), Section I(C).

   3.   *Arizona Law Requires Claims to be Asserted by UGP, Not Plaintiffs, Thereby Defeating Diversity Jurisdiction*

Within the context of the above-described allegations and facts, it is counterintuitive for the Plaintiffs to be entitled to maintain their action against Defendants without the involvement of UGP.  For example, while Plaintiffs claim that no disbursements could be made from the UGP account without the unanimous consent of Plaintiffs and Defendants, in their Amended Complaint Plaintiffs claim that they, not UGP, are entitled to the monies allegedly disbursed by Defendants without Plaintiffs' consent.  Facially, that makes no sense, as it takes both Plaintiffs and Defendants to collectively decide (as also required by the operating agreement) what monies are and are not subject to disbursement from the UGP account.  And, at this point, UGP continues to operate and its membership/management remains comprised of the Plaintiffs and Defendants.

Simply put, Plaintiffs are asking the court to permit Plaintiffs to do what they

claim Defendants should not have done.  The unreasonableness of this approach is further underscored by the existence of obligations to third parties, for which the individual Plaintiffs and Defendants are not responsible.  And, the only way to protect the interests of the third-party creditors is to require the joinder of UGP as a party to this matter.

That is exactly what is contemplated by A.R.S. § 29-3807 which provides that,

"The court, in its discretion, at any stage in a direct or derivative proceeding, may:

1. Treat a direct action as a derivative action subject to, or exempt from, any provisions of this article the court chooses and order recovery to be paid to the limited liability company if the court finds that doing so is reasonably necessary to avoid any of the following:
...
(b) Materially adversely affecting the interests of the company's creditors."

There are no safeguards or guarantees alleged by Plaintiffs to exist (because they don't) that would preclude the contemplated adverse treatment of UGP's creditors. Therefore, it is imperative that Plaintiffs' claims be asserted by UGP, not Plaintiffs; and, once UGP becomes a party to the action, Plaintiffs cannot establish diversity jurisdiction.

The obligation to join UGP is also dictated by A.R.S. § 29-3406(A), which identifies the claims as belonging to UGP since it, not the Plaintiffs, has the right to reimbursement for disbursements resulting in the insolvency of UGP.

Plaintiffs have failed to set forth a defense to the Motion to Dismiss Amended Complaint which overcomes the obligation of both Plaintiffs and Defendants to abide by their unanimous consent agreement; and, which alleviates in any manner the material and adverse impact to third-party creditors by excluding UGP as a party to this action.  Their sole defense is that they have causes of action.

While, assuming *arguendo*, that Plaintiffs have claims arising under a purported oral agreement (which they don't), once the parties made the affirmative decision to use UGP as the entity *through which each of the Parties would perform their respective joint venture obligations"*, Plaintiffs, Defendants, and their dealings became subject to the operating agreement which Plaintiffs admit govern UGP; and, at the same time, subject to the applicable statutory requirements which control the relationships between and amongst members/managers and UGP.  Instead of addressing those obligations, Plaintiffs have totally failed to ignore the impact of A.R.S. §§ 29-3807 or 29-3406(A).  In fact, Plaintiffs failed to even mention the two controlling statutory provisions requiring UGP to be joined.   Accordingly, a direct action is inappropriate and must be dismissed in accordance with Rule 12(b)(1), *Fed.R.Civ.P,* as diversity jurisdiction does not exist.

**B.      Plaintiffs' Count III, Pertaining to Fraud in the Inducement, Fails to State a Claim Upon Which Relief May be Granted.**

In responding to Defendants Rule 12(b)(6) Motion to Dismiss Plaintiffs' Count III fraud claim, Plaintiffs solely claim the existence of a cause of action; and, at the same time, curiously suggest that UGP was never a party to the purported oral agreement. However, Plaintiffs have totally missed the point.

Firstly, as pled, Plaintiffs' Count III merely asserts a contract claim based upon the alleged failure of Defendants to abide by a "promise" of future conduct; a "promise" that Plaintiffs admit, by their allegations, never existed.

While attempting to assert their claim as an exception to the foregoing rule, Plaintiffs allege, as follows:

"During the time period from May 1, 2019, to May 15, 2019, Brill and Corbisez met in person and spoke by telephone with Andrews and Prom concerning the possibility of their entering into a joint venture (the "Conversations")...." *See*, Amended Complaint (Doc. 25), ¶ 36.

"During the Conversations, Andrews and Prom represented to Brill and Corbisez:

---

c. Although Andrews and Prom were the only authorized signatories on Account 8656, no funds would be disbursed from account 8656 without the unanimous consent of Brill, Corbisez, Andrews and Prom." *See*, Amended Complaint (Doc. 25), ¶ 41c.

"At the time Andrews and Prom made the representation to Brill and Corbisez that no funds would be disbursed from account 8656 without the unanimous consent of Brill, Corbisez, Andrews and Prom, Andrews and Prom knew that the representation was false and that they, Andrews and Prom, had no intention of complying with the representation, but intended that Brill and Corbisez rely upon the representation for the purpose of enabling the joint venture to raise money from which Andrews and Prom could find their alter ego companies." *See*, Amended Complaint (Doc. 25), ¶ 42 (note: appearing on page 18)

However, as pointed out in Defendants' Motion to Dismiss Amended Complaint, after alleging that Defendants had no present intent to limit disbursements to those instances in which there was unanimous consent of the UGP members, Plaintiffs allege as follows:

"The Parties also agreed that all monies either loaned to the joint venture by the Parties and/or obtained by third party loans and/or investments would be deposited in UGP's bank account number xxxxxxx8656 at JPMorgan Chase Bank, N.A., and not withdrawn by any of the Parties without the Parties' unanimous consent, *except to pay the business's usual and customary expenses, a temporary home rented for Plaintiffs Brill and Corbisez to stay while in Arizona and for a company vehicle that the Plaintiff needed while in Arizona."* *See*, Amended Complaint (Doc. 25), ¶ 46. [emphasis added].

So, as pled, it was anticipated by both Plaintiffs and Defendants that monies would be disbursed without the unanimous consent of the parties. As such, the parties expressly

agreed, according to Plaintiffs' allegations, that monies *would be* disbursed absent the unanimous consent of the parties.

As a result, Defendants' lack of present intent as described above cannot possibly form the basis of a claim of fraud in the inducement, particularly given the fact that Plaintiffs have alleged that Defendants had exclusive control over the UGP bank account. *See*, Amended Complaint (Doc. 25), ¶ 19, meaning that no one other than the Defendants could make the anticipated disbursements without unanimous consent.

Clearly, the sole basis of Plaintiffs Count III, is an alleged promise to do something in the future, nothing more, which cannot serve as the basis for a fraud claim. Accordingly, Plaintiffs' Count III does not state a claim upon which relief may be granted; and, therefore, in accordance with *Fed. R. Civ. P.* Rule 12(b)(6), Count III must be dismissed.

## II.    CONCLUSION

Defendants' Motion to Dismiss should be granted as Plaintiffs have failed to allege facts sufficient to confer jurisdiction on this Court, as (1) this action must be treated as a derivative action to protect the interests of third-party creditors, requiring the joinder of UGP as a necessary party; (2) the sole cause of action arising out of an alleged improper disbursement lies with UGP, not Plaintiffs, thereby necessitating the joinder of UGP as a party; and, (3) since UGP shares common citizenship with both Plaintiffs and Defendants, diversity jurisdiction is not available.  Further, Plaintiffs' fraud in the inducement claim (Count III) fails to state a claim upon which relief can be granted due to it being based solely upon an alleged promise to act in the future, with such promise being non-existent

based upon the entirety of Plaintiffs' allegations.

Based upon the foregoing, Defendants respectfully request this Court's Order dismissing Plaintiffs' Amended Complaint in its entirety. Additionally, pursuant to 28 U.S.C.A. § 1919, Defendants respectfully requests that this Court award Defendants' their just costs incurred in bringing this Motion to Dismiss Amended Complaint.

DATED this 14th day of May, 2020.

By:   */s/ Frederick E. Davidson*, Bar No. 013199

**DAVIDSON & KAFFER, PLLC**
*Attorneys for Defendants*
8700 E. Pinnacle Peak Road, Suite 221
P.O. Box 27500
Scottsdale, Arizona 85255
Tel. (480) 585-3100
Fax (480) 585-8585
Frederick E. Davidson, Esq.
Chad R. Kaffer, Esq.
Josh G. Funkhouser, Esq.

A copy of the foregoing transmitted via the Court's electronic filing system this 14th day of May, 2020 to:

Craig A. Brand, Esq.
MYSTIC LAW P.A.
6411 South Jamaica Circle
Englewood, Colorado 80111

*/s/ Frederick E. Davidson*