1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brill et al., | No. CV-19-05844-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Andrews, et al., | |
| Defendants. | |

Pending before the Court is Defendants Nicholas Andrews ("Andrews"), David Prom ("Prom"), USA Bioenergy, LLC ("USA Bioenergy"), and Nicholas Andrews, Inc, dba NB Andrews and Associates's ("NB Andrews," and collectively with Andrews, Prom, and USA Bioenergy, the "Defendants") Motion to Dismiss Amended Complaint (the "Motion") (Doc. 26). The Motion is fully briefed. For the reasons that follow, the Motion will be granted.[1]

**I.   Background**

William Brill ("Brill") and Jon Corbisez ("Corbisez," and together with Brill, "Plaintiffs") filed a complaint alleging three causes of action: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) fraud in the inducement all arising out of an alleged oral joint venture agreement (Docs. 1; 25) The

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* L.R. Civ. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

initial complaint was dismissed, and Plaintiffs filed an Amended Complaint (the "Amended Complaint") which is the operative complaint in this case. In the Amended Complaint, Plaintiffs allege that the individuals involved in this case entered into an oral joint venture agreement on or about May 15, 2019 whose purpose was to engage in the propagation, cultivation, harvest and sale of industrial hemp and creation and growth of hemp seeds for use and sale for the purpose of maximizing the joint venture's profits, which would then be split equally among the four joint venture partners. (Doc. 25 at 4, ¶ 12)

Furthermore, Plaintiffs allege that "included in the Contract was an agreement by the parties to designate United Global Partners, L.L.C., . . . ("UGP"), as their agent-in-fact through which each of the Parties would perform their respective joint venture obligations." (Doc. 25 at 5, ¶ 15) The parties also agreed that "all monies either loaned to the joint venture by the Parties and/or obtained by third parties and/or investments from third parties would be deposited in UGP's bank account number xxxxxxxx8656 at JPMorgan Chase Bank, N.A., and not be withdrawn by any of the Parties without the Parties' unanimous consent, except to pay the business' usual and customary expenses, a temporary home rented for Plaintiffs Brill and Corbisez while in Arizona, and for a company vehicle that the Plaintiff's [sic] needed while in Arizona." (Doc. 25 at 5, ¶ 16) Included in the monies deposited in the UGP account were loans and other funds having an aggregate value in excess of $200,000.00. (Doc. 25 at 6, ¶¶ 17–18)

## II.     Legal Standard

### A. FRCP 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (citing *Tosco Corp. v. Comtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)). Allegations raised under FRCP 12(b)(1) should be addressed before other reasons for dismissal because if the complaint is dismissed for lack of subject matter jurisdiction, other defenses raised become moot. *Kinlichee*, 929 F. Supp. 2d at 954. A motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1)

may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction or the existence of subject matter jurisdiction in fact. *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir.1979)); *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Renteria*, 452 F. Supp. 2d at 919 (citing *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Renteria*, 452 F. Supp. 2d at 919 (citing *Thornhill*, 594 F.2d at 733). A plaintiff has the burden of proving that jurisdiction does in fact exist. *Renteria*, 452 F. Supp. 2d at 919 (citing *Thornhill*, 594 F.2d at 733). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 926 (9th Cir. 1996).

**B.   FRCP 12(b)(6)**

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Also, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short

of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and must accept all well-pleaded factual allegations as true. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012); *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Furthermore, a motion to dismiss under Rule 12(b)(6) must rely solely on the contents of the pleadings. *See* Fed. R. Civ. P. 12(d). A court may, however, consider "matters of judicial notice" without converting a motion to dismiss into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Furthermore, a court need not accept as true "allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).

A court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

**III.    Analysis**

At the outset, the Court notes that the crux of Plaintiffs' claims is that Defendants wrongfully converted assets of the joint venture, monies held in UGP's accounts, for their own benefit and in violation of the parties' oral agreement. Plaintiffs also allege that such wrongful actions led to the alleged joint venture not being able to realize the benefits of the agreement between the parties. (Doc. 25 at ¶¶ 12, 22, 31, 49) Plaintiffs have alleged that the Court has jurisdiction over this case under 28 U.S.C. § 1332(a)(1), the diversity of citizenship statute. (Doc. 25 at 2–3, ¶¶ 1–8) Diversity only exists where the citizenship of each plaintiff is different from the citizenship of each defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Defendants' main argument regarding jurisdiction is that the claims in the Amended Complaint cannot lie as a direct action against the Defendants; instead, such claims must be brought as a derivate action on behalf of UGP, which would destroy diversity and mandate dismissal with prejudice. (Doc. 26 at 6–10) The citizenship of the parties for purposes of 28 U.S.C. § 1332 is as follows and undisputed: Brill and Corbisez are citizens of the State of Colorado; Andrews and Prom are citizens of the State of Arizona; USA Bioenergy is a limited liability company organized and existing under the laws of the State of Arizona,

which sole member at the time this action commenced was Prom, making USA Bioenergy a citizen of the State of Arizona; NB Andrews is a limited liability company organized and existing under the laws of the State of Arizona, which sole shareholder at the time this action commenced was Andrews, making NB Andrews a citizen of the State of Arizona.

It is a well-settled principle in matters of subject matter jurisdiction and diversity of citizenship that a limited liability company, like a partnership, is considered a citizen of all jurisdictions in which its members, or partners, are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Accordingly, UGP, with Andrews, Prom, Brill, and Corbisez as members, is a citizen of both the States of Arizona and Colorado for purposes of 28 U.S.C. § 1332. The Court now turns to the argument that UGP must be joined to this action under various Arizona statutes.

Defendants attached various agreements to the Motion in support of their argument regarding subject matter jurisdiction. It is true that in some circumstances, a Court can look to matters outside the complaint without converting a motion to dismiss into a motion for summary judgment. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d at 688–89; *Gov't Computer Sales, Inc. v. Dell Mktg.*, 199 Fed. Appx. 636, 638 (9th Cir. 2006) (holding that conversion to a motion for summary judgment is not required if the motion to dismiss attaches or relies upon documents that are integral to plaintiff's claims). Defendants attached the following to the Motion: (1) UGP's operating agreement (the "Operating Agreement"), (2) the Avalons Gardens Agreement, (3) two promissory notes between UGP and third parties. (Doc. 26 at 5–6) Plaintiffs argue that some of those documents simply arose in the course of the original oral agreement between the parties, that the UGP operating agreement does not contain an integration clause, and that prior to the execution of the Operating Agreement, UGP was a citizen of the State of Arizona. (Doc. 27 at 4–5) Plaintiffs also argue that Defendants misapprehended the nature of the causes of action in the Amended Complaint. Indeed, Plaintiffs argue that "[t]hese causes of action [are] all based upon an oral contractual relationship between Brill and Corbisez . . . and Andre[w]s and Prom . . . . Paragraphs 12 through 16 of the Amended Complaint establish the offer,

acceptance and consideration exchanged between the citizens of the two different states." (Doc. 27 at 4–5)

The Court finds that it can properly consider those documents because they are integral to Plaintiffs' claims. Indeed, one crucial fact that Plaintiffs have not addressed or rebutted in their arguments is the fact that monies in dispute were all deposited in, and allegedly wrongfully withdrawn from, one of UGP's bank accounts. (Doc. 25 at 5, ¶ 16, 21) Plaintiffs argue that such documents are irrelevant to the causes of action in the Amended Complaint and impermissibly request the Court to go outside of the four corners of the Complaint. (Doc. 27 at 9) The Court is not persuaded by Plaintiffs' argument. Although the Court understands the parties entered into an oral agreement to form a joint venture, subsequent events mandate that UGP be joined. All the monies which were allegedly wrongfully converted by the Defendants came from one of UGP's bank accounts. The parties agreed, and Plaintiffs do not dispute, that they designated UGP as their agent-in-fact for the joint venture and each party would perform his respective joint venture obligations through UGP. (Doc. 25 at 5, ¶ 15–16) Plaintiffs are now asking for damages which would compensate them for the monies allegedly wrongfully taken out of UGP's bank account. Additionally, Plaintiffs alleged that such wrongful conversion of funds rendered UGP insolvent. (Doc. 25 at 10, ¶ 22)

Under Arizona law, which applies to this case based on diversity of citizenship, "[a] person that receives a distribution that violates § 29-3405 is personally liable to the limited liability company but only to the extent that the distribution received by the person exceeded the amount that could have been properly paid to that person under § 29-3405." A.R.S. § 29-3406(A). A.R.S. § 29-3405 states that "[a] limited liability company may not make a distribution, including a distribution under § 29-3707, if after the distribution either of the following applies: 1. The company would not be able to pay its debts as the debts become due in the ordinary course of the company's activities and affairs." A.R.S. § 29-3405. The Court finds that because of the fact that the parties placed all the joint venture funds in one of UGP's bank accounts and the allegedly wrongful distributions rendered UGP insolvent,

7

UGP must be joined in this action because the Defendants, if found liable, would be first and foremost liable to UGP. The Court cannot conclude that because an alleged prior oral agreement existed between the parties, the monies deposited in the account are irrelevant to UGP. Indeed, UGP, at least partially, operated as the agent and entity representing the joint venture. The parties agreed to fulfill their obligations through UGP.

Furthermore, if the Court decided otherwise, and Plaintiffs prevailed, the repayment of the monies would likely material adversely affect UGP's creditors. A.R.S. § 29-3807 states that

> The court, in its discretion, at any stage in a direct or derivative proceeding, may:
> 1. Treat a direct action as a derivative action subject to, or exempt from, any provisions of this article the court chooses and order recovery to be paid to the limited liability company if the court finds that doing so is reasonably necessary to avoid any of the following: . . . .
> (b) Materially adversely affecting the interests of the company's creditors.

A.R.S. § 29-3807. The fact that Plaintiffs themselves, in the Amended Complaint, mentioned that investments were made in the joint venture by third parties and debt was incurred in connection with such investments supports the Court in its exercise of discretion to treat the direct action as a derivative action. (Doc. 25 at 5–6, ¶¶ 16–19) Indeed, although the Operating Agreement does not contain an integration clause and the business of UGP is stated in broad terms—to conduct any lawful business allowed under the Arizona Limited Liability Company Act—all relevant activities for the joint venture appear to have taken place through UGP. The Court cannot conclude that the alleged oral agreement between the parties overrides those facts and allows Plaintiffs to bring a direct action when such action would clearly and likely materially adversely affect the interests of UGP's creditors, specifically the creditors who were involved in the activities of the alleged joint venture.

The two promissory notes submitted by Defendants have allegedly not been repaid, which means that creditors still have potential claims against UGP for non-payment or default. Letting Plaintiffs proceed with their direct action against Defendants would leave UGP incapable to fulfill its obligations, past due or not, to his creditors while a derivative action would potentially result in UGP receiving the recovery and being able to fulfill such obligations. It is not true that, as Plaintiffs argued, the fact that the creditors were not parties to the oral agreement and that they have their own right of direction action against UGP negates the need to treat this case as a derivative action. Indeed, even if the creditors brought an action against UGP, and Plaintiff were allowed to proceed in this case as a direct action, UGP would still be insolvent although the allegedly wrongful distributions belonged to UGP. Accordingly, the Court finds that it must treat this action as a derivative action on behalf of UGP and that UGP must be joined as a Plaintiff. Because UGP was a citizen of both Arizona and Colorado at the time this case began and Defendants are citizens of the State of Arizona, complete diversity of citizenship is absent and such joinder destroys diversity of citizenship which deprives the Court of jurisdiction over the first two counts of the Amended Complaint.

Turning now to Plaintiffs' fraud in the inducement claim, the Court finds that it must be dismissed under Rule 12(b)(6). Plaintiffs argue that Andrews and Prom representation that no funds would be disbursed from UGP's bank account without the unanimous consent of all the parties was a material inducement relied upon by Plaintiffs inducing them to enter into the joint venture, and Plaintiffs had the right to rely upon it. (Doc. 25 at 19, ¶ 43) Plaintiffs further argue that Andrews and Prom knew the representation was false when they made it and that they had no intention of complying with such representation. (Doc. 25 at 18–19, ¶ 42) A representation is actionable as fraud when it relates to a present or preexisting fact, "and cannot be based on unfulfilled promises or statements as to future events." *Ahmed v. Collins*, 23 Ariz. App. 54, 56–57 (Ct. App. 1975). Unkept promises relating to future events are, at most, a breach of contract. *Id.* at 57. However, an established exception to this general rule is a promise made without present intention to perform; there,

"the misstatement of the present intention is regarded as a misrepresentation of fact." *Id.*

Here, the Court finds that Plaintiffs' own allegations in the Amended Complaint contradict their argument of fraud in the inducement. Indeed, as previously stated, the parties agreed that all monies in the relevant UGP bank account would not be withdrawn without the unanimous consent of the parties, "*except to pay the business usual and customary expenses*." (Doc. 25 at 20, ¶ 46) So in essence, Plaintiffs fraud in the inducement claim rests on Defendants' alleged lack of intent not to disburse monies without the unanimous consent of the Parties, but at the same time, Plaintiffs have alleged that all parties knew monies could be disbursed without such consent in some situations. Additionally, Plaintiffs have alleged that Defendants had exclusive control over such bank account. (Doc. 25 at 6, ¶ 19) It follows that no one other than Defendants would have been able to make distributions then. Accordingly, the Court finds that Plaintiff failed to state a claim upon which relief can be granted in count III of the Amended Complaint and the count will be dismissed with prejudice.

Finally, Defendants have requested that, pursuant to 28 U.S.C. § 1919, the Court award them their just costs incurred in bringing the Motion. The Court may, under that provision, order the payment of just costs if an action was dismissed for lack of jurisdiction. 28 U.S.C. § 1919. The Court will consider ordering payment of Defendants just costs incurred in bringing the Motion. Accordingly, Defendants must submit a statement of costs and supporting memorandum explaining why such costs are just to the Court within 14 days of entry of this Order. Such submission shall be treated like a motion for attorneys' fees and costs only for purposes of the right to file a response and reply and deadlines to file such responsive pleadings.

Accordingly,

**IT IS ORDERED:**

1. That Defendants' Motion to Dismiss the Amended Complaint (Doc. 26) is **granted in full**;

2. that the Amended Complaint is **dismissed** in full with prejudice; and

3.	that Defendants shall file, within 14 days of the entry of this Order, a statement of costs incurred in bringing the Motion with a supporting memorandum explaining why such costs are just; and

4.	that the Court shall retain jurisdiction solely for the purpose of ruling on Defendants request for an award of costs under 28 U.S.C. § 1919.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 24th day of June, 2020.

Honorable Steven P. Logan
United States District Judge